IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOANNE B. PEARSON                   )
                                    )
      Plaintiff,                    )
                                    )
      v.                            )       1:05CV00749
                                    )
THE HARTFORD COMPREHENSIVE          )
EMPLOYEE BENEFITS SERVICES          )
COMPANY,                            )
NOVANT HEALTH, INC.                 )
                                    )
      Defendants.                   )
```

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff Joanne B. Pearson filed this action against Defendants The Hartford Comprehensive Employee Benefits Service Company[1] ("Hartford") and Novant Health, Inc. ("Novant") asserting various causes of action. Plaintiff's claims arise from Hartford's refusal to pay long-term disability benefits to which Plaintiff believes she is entitled. This matter is before the court on Plaintiff's motion to remand the case to state court.

---

[1] The court is aware of Defendants' claims that there is no legal entity known by this name. The court will postpone action on that issue until it has been fully briefed.

## I. BACKGROUND

The following facts are set out in the Complaint. Plaintiff, an employee of Novant, was a member of a long-term disability benefits plan administered by Hartford. At some point during her membership in the plan, Plaintiff became disabled, and her disability has been confirmed medically. Despite this, Hartford, on November 26, 2001, made a final decision denying Plaintiff disability benefits through the plan.

Plaintiff filed this suit in North Carolina Superior Court. Defendants removed the case to federal court and filed a motion to dismiss. Plaintiff then filed this motion to remand the case to state court. At the same time, Plaintiff requested and received permission to postpone her response to Defendants' motion until the resolution of the motion to remand. Defendants filed a response to Plaintiff's motion, but Plaintiff did not file a reply.

## II. ANALYSIS

Plaintiff asks the court to remand her case to state court because the Complaint does not raise an issue of federal law. An action commenced in a state court can be removed to federal court if it could have been filed in federal court originally. Sonoco Products Co. v. Physicians Health Plan, Inc., 338 F.3d 366, 370 (4th Cir. 2003). "The federal courts possess original jurisdiction over, among other things, 'civil actions arising under the Constitution, laws, or treaties of the United States.'" Id. (quoting 28 U.S.C. § 1331). A cause of action arises under

2

federal law when the plaintiff's well-pleaded complaint raises issues of federal law.  Id.

Here, Plaintiff's Complaint clearly raises an issue of federal law.  Plaintiff's "Count IV" is titled "Fraud Pursuant to Employment Retirement Income Security Act."  (Compl. at 4.)  In that count, she alleges that "[t]he plaintiff is entitled to benefits pursuant to the Employment Retirement Security Act."  (Id. ¶ 28.)  The Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., is federal law, and allegations that Defendants have, through fraud, deprived Plaintiff of benefits to which she is entitled under ERISA raise a federal issue.  Thus, it is apparent from the face of the Complaint that removal was proper and that remand would be inappropriate.

Plaintiff's primary argument in favor of remand is that § 502(e)(1) of ERISA provides for concurrent jurisdiction in federal and state courts over ERISA claims.[2]  29 U.S.C. § 1132(e)(1).  Although this is true, it does not provide a basis for remand.  See Callison v. Charleston Area Med. Ctr., Inc., 909 F. Supp. 391, 394 (S.D. W. Va. 1995) ("The existence of

---

[2] Plaintiff also advances the secondary argument that Defendants are estopped from removing the case to federal court under 28 U.S.C. § 1359, which strips the federal courts of jurisdiction over cases "in which any party . . . has been improperly or collusively made or joined to invoke the jurisdiction of such court."  This case involves three parties: the plaintiff and the two defendants, both of whom were named in the Complaint.  Since Defendants have not joined any other parties to the litigation, § 1359 has no effect on their ability to remove the case.

3

concurrent jurisdiction does not require remand."); see also McWilliams v. Metropolitan Life Ins. Co., No. 98-1732, 1999 WL 64275, at *2 n.1 (4th Cir. Feb. 11, 1999) ("[T]his court has consistently held that concurrent jurisdiction does not defeat a defendant's right to removal."). Plaintiff's memorandum can also be read to suggest that she is not attempting to deny federal jurisdiction over her claims but inviting the court to invoke 28 U.S.C. § 1367(c)(2), which provides that a district court may decline to exercise supplemental jurisdiction over a state law claim, even when it has original jurisdiction over a related federal claim, when "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." In this case, Plaintiff's ERISA claim is accompanied by state law claims of breach of contract, misrepresentation, and unfair and deceptive trade practices. Nonetheless, given the manner in which ERISA broadly preempts related state law claims, see, e.g., Powell v. Chesapeake & Potomac Tel. Co. of Va., 780 F.2d 419, 421-22 (4th Cir. 1985), the court concludes that the state law claims are not likely to predominate in this case. Thus, the court will decline to invoke its discretionary power under § 1367, and the case will not be remanded.

**III. CONCLUSION**

For the reasons set forth above,

Plaintiff's Motion to Remand in Objection to Defendant's Notice of Removal [8] is DENIED.

This the 21st day of June 2006.

_____
United States District Judge