IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOANNE B. PEARSON,              )
                                )
     Plaintiff,                 )
                                )
     v.                         )     1:05CV00749
                                )
THE HARTFORD COMPREHENSIVE      )
EMPLOYEE BENEFITS SERVICES      )
COMPANY, NOVANT HEALTH, INC.,   )
                                )
     Defendants.                )
```

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

Plaintiff Joanne B. Pearson filed this action against The Hartford Comprehensive Employee Benefits Service Company ("CEBSC") and Novant Health, Inc. ("Novant") (collectively, "Defendants") alleging breach of contract, misrepresentation, fraud, and unfair trade practices arising out of the denial of Plaintiff's long-term disability benefits pursuant to an employee benefit plan ("Plan"). Pending before this court is Defendants' motion to dismiss. For the reasons stated below, the court will grant in part and deny in part Defendants' motion.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff participated in a benefit plan offered by her employer, Novant, that upon qualification would provide her with

long-term disability ("LTD") benefits.  According to Plaintiff, she became disabled and applied for LTD benefits under the Plan.  After reviewing her claim, Novant denied her request.  Plaintiff then filed a claim in the Forsyth County Superior Court.  Defendants subsequently removed the case to this court and filed a motion to dismiss.

**II.  ANALYSIS**

Defendants submitted a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  When analyzing a Rule 12(b)(6) motion, a court is not to decide if a plaintiff will ultimately prevail, but rather, the court must assess whether plaintiff should even be allowed to present evidence of his claim.  <u>Revene v. Charles County Comm'rs</u>, 882 F.2d 870, 872 (4th Cir. 1989).  Defendants incorporated into their motion a Rule 12(f) motion to strike from the record Plaintiff's request for a jury trial as well as her request for consequential, treble, and punitive damages.[1]

The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party and

---

[1] Submitting two motions in the same pleading in the Middle District of North Carolina is a violation of the Local Rules of Civil Practice for the United States District Court for the Middle District of North Carolina.  The court directs Defendants' counsel to Local Rule 7.3(a) which requires each motion to be set out in a separate pleading.

2

allegations made therein are taken as true.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849 (1969).  A court should not grant the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.  See Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir. 1978).  "Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim."  Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

### A. Preemption of State Law Claims

Defendants argue that dismissal of this action is warranted because the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., preempts Plaintiff's state law claims.  ERISA applies to all employee welfare benefit plans established or maintained by "any employer engaged in commerce or in any industry or activity affecting commerce."  29 U.S.C. § 1003(a).  Defendants claim that Novant's LTD benefits plan falls

3

within the purview of ERISA because it is classified as an employee welfare benefit plan according to the statute.

An "employee welfare benefit plan," as defined by ERISA, is one which provides employees "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, <u>disability</u>, [or] death," whether these benefits are provided "through the purchase of insurance or otherwise." 29 U.S.C. § 1002(1) (emphasis added). Because Plaintiff's benefits originate from an employer-established program specifically intended to provide long-term disability benefits to employees through Novant's purchase of insurance, Plaintiff's claim is covered by ERISA.

After deciding that the Plan qualifies as an ERISA employee benefit plan, the court must determine if ERISA preempts Plaintiff's state law claims. When deciding whether federal law preempts state law, the court's "task is to ascertain Congress' intent in enacting the federal statute at issue." <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S. 85, 95, 103 S. Ct. 2890, 2899 (1983). An analysis of the plain text of ERISA shows that Congress intended it to "supersede any and all State laws insofar as they may now or hereafter relate to any [ERISA] . . . plan." 29 U.S.C. § 1144(a). The Supreme Court has stated that this preemption is "expansive." <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 47, 107 S. Ct. 1549, 1553 (1987).

### 1. Breach of Contract Claim

In order for ERISA to preempt Plaintiff's breach of contract claim, the claim must be one that would relate to an employee benefit plan. According to the Supreme Court, "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." Shaw, 463 U.S. at 96-97, 103 S. Ct. at 2900.[2] However, "the simple fact that a defendant is an ERISA plan administrator does not automatically insulate it from state law liability for alleged wrongdoing against a plan participant or beneficiary." Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 192 (4th Cir. 2002); see also Mackey v. Lanier Collection Agency & Serv., Inc., 486 U.S. 825, 833, 108 S. Ct. 2182, 2187 (1988) (holding there is no preemption in a "lawsuit[] against ERISA plans for run-of-the-mill state-law . . . torts committed by an ERISA plan," even though it "obviously affect[s] and involv[es] ERISA plans and their trustees"). Instead, "[w]hat triggers ERISA preemption is not just any indirect effect on administrative procedures but rather an effect on the primary administrative functions of benefit plans, such as <u>determining an employee's eligibility for a benefit</u> and the amount of that benefit." Gresham v. Lumbermen's Mut. Cas. Co., 404 F.3d 253,

---

[2] Exceptions to preemption exist, see 29 U.S.C. § 1144(b), but Plaintiff does not argue that any of these exceptions apply.

5

258 (4th Cir. 2005) (quoting Aetna Life Ins. Co. v. Borges, 869 F.2d 142, 146-47 (2d Cir. 1989)) (emphasis added). Here, because Plaintiff's claim against Defendants for long-term benefits is a result of Defendants' alleged wrongful failure to pay benefits under the plan, Plaintiff's breach of contract claim is preempted. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48, 107 S. Ct. 1549, 1553 (1987) ("The common law causes of action raised in [the plaintiff's] complaint, each based on alleged improper processing of a claim for benefits under an employee benefit plan, undoubtedly meet the criteria for pre-emption under § 514(a)."); Darcangelo, 292 F.3d at 195 ("Because [the plaintiff's] breach of contract claim is an alternative enforcement mechanism to [ERISA's civil enforcement provision], it is . . . completely preempted.").

**2. Misrepresentation, Fraud, and Unfair Trade Practices**

The reasoning employed to find that ERISA preempts Plaintiff's breach of contract claim applies with equal force to Plaintiff's claims for misrepresentation, fraud, and unfair trade practices. The basis for each of these claims is that Novant wrongfully denied LTD benefits to Plaintiff, and that such a decision ran afoul of the Plan. When a plaintiff brings a cause of action against a party alleged to be in violation of his or her administrative duties under an ERISA plan, such a claim must be brought under ERISA, or it is otherwise preempted. See Powell

6

v. Chesapeake & Potomac Tel. Co., 780 F.2d 419, 421 (4th Cir. 1985) (The Fourth Circuit held that "state laws, insofar as they are invoked by beneficiaries claiming relief for injuries arising out of the administration of employee benefit plans, 'relate to' such plans and, absent an applicable exemption, are preempted by ERISA."). For this reason, Plaintiff's claims for misrepresentation, fraud, and unfair trade practices are preempted.

**B. Conversion of State Law Claims to ERISA Claims**

Having determined that ERISA preempts Plaintiff's state law claims, the court must now decide whether dismissal is appropriate. The Fourth Circuit has held that if a state law claim seeks remedies that fall within the civil enforcement provision of ERISA, ERISA § 502(a), 29 U.S.C. § 1132(a), federal courts should not dismiss the claim, but treat it as a federal ERISA claim. Singh v. Prudential Health Care Plan, Inc., 335 F.3d 278, 290 (4th Cir. 2003); Darcangelo, 292 F.3d at 195 ("What was a state claim for breach of contract becomes a federal claim for the enforcement of contractual rights under [ERISA] § 502(a)(1)(B)."). However, if the state law claim seeks remedies outside the scope of ERISA's civil enforcement provision, the state law claim should be dismissed. Singh, 335 F.3d at 290.

ERISA's civil enforcement provision provides, in part, that a civil action may be brought by a plan participant or

7

beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff's breach of contract claim seeks benefits allegedly owed her under the plan, (in addition to consequential, treble, and punitive damages). Thus, Plaintiff's requested remedy is the same remedy provided by ERISA's civil enforcement provision (except the claims for additional damages). As a result, Plaintiff's breach of contract claim will not be dismissed but will be treated as a claim brought under ERISA § 502(a)(1)(B) with the remedies limited to those in § 502. Id. A conversion of Plaintiff's claim to one under § 502 prevents Plaintiff from seeking consequential, treble, and punitive damages, because those damages are not available under ERISA's civil enforcement scheme. Mertens v. Hewitt Assocs., 508 U.S. 248, 113 S. Ct. 2063 (1993), see also Elliot v. Fortis Benefits Ins. Co., 337 F.3d 1138 (9th Cir. 2003); Smith v. Jefferson Pilot Fin. Ins. Co., 367 F. Supp. 2d 839 (M.D.N.C. 2005). Accordingly, Plaintiff's claim for these damages will be dismissed.

Plaintiff's claims for misrepresentation, fraud, and unfair trade practices, like those for additional damages, also fall outside the scope of the recovery allowed in § 502. Section 502 allows a plaintiff to bring actions "to recover benefits due to

8

Case 1:05-cv-00749-WLO-PTS   Document 19   Filed 01/29/07   Page 8 of 10

beneficiary to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plaintiff's breach of contract claim seeks benefits allegedly owed her under the plan, (in addition to consequential, treble, and punitive damages). Thus, Plaintiff's requested remedy is the same remedy provided by ERISA's civil enforcement provision (except the claims for additional damages). As a result, Plaintiff's breach of contract claim will not be dismissed but will be treated as a claim brought under ERISA § 502(a)(1)(B) with the remedies limited to those in § 502. Id. A conversion of Plaintiff's claim to one under § 502 prevents Plaintiff from seeking consequential, treble, and punitive damages, because those damages are not available under ERISA's civil enforcement scheme. Mertens v. Hewitt Assocs., 508 U.S. 248, 113 S. Ct. 2063 (1993), see also Elliot v. Fortis Benefits Ins. Co., 337 F.3d 1138 (9th Cir. 2003); Smith v. Jefferson Pilot Fin. Ins. Co., 367 F. Supp. 2d 839 (M.D.N.C. 2005). Accordingly, Plaintiff's claim for these damages will be dismissed.

Plaintiff's claims for misrepresentation, fraud, and unfair trade practices, like those for additional damages, also fall outside the scope of the recovery allowed in § 502. Section 502 allows a plaintiff to bring actions "to recover benefits due to

him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  Though this section preserves Plaintiff's breach of contract claim, the remaining claims do not survive.  These claims, therefore, will be dismissed.

### C. Plaintiff's Request for a Jury Trial

Plaintiff's request for a jury trial is also inappropriate. The law is well settled in the Fourth Circuit that jury trials are not available in actions for the recovery of benefits under ERISA.  See Berry v. Ciba-Geigy Corp., 761 F.2d 1003, 1007 (4th Cir. 1985) ("[P]roceedings to determine rights under employee benefit plans are equitable in character and thus a matter for a judge, not a jury."); Biggers v. Wittek Indus., 4 F.3d 291, 298 (4th Cir. 1993) ("Because ERISA preempts his common law contract claim, his claim should have been tried by the court under the principles of ERISA, rather than before the jury."); Ellis v. Metropolitan Life Ins. Co., 919 F. Supp. 936, 938 (E.D. Va. 1996).  Plaintiff's request for a jury trial will be denied.

### III. CONCLUSION

IT IS ORDERED that Defendants' Motion to Dismiss [6] is DENIED with respect to Plaintiff's breach of contract claim.  The court FURTHER ORDERS that this claim shall be treated as a claim for civil enforcement under ERISA § 502(a)(1)(B) and that

9

Defendants shall answer Plaintiff's complaint within 10 days of the filing of this memorandum opinion and order.

IT IS FURTHER ORDERED that Defendants' Motion to Dismiss [6] is GRANTED with respect to Plaintiff's claims for misrepresentation, fraud, and unfair and deceptive trade practices.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiff's request for a jury trial, as well as her request for consequential, treble, and punitive damages is GRANTED.

This the 29th day of January 2007.

_____
United States District Judge

10

Case 1:05-cv-00749-WLO-PTS   Document 19   Filed 01/29/07   Page 10 of 10